# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

TERRY DEAN BIRTS,                                                            PETITIONER
REG. # 25710-009

v.                                    2:13CV00129-KGB-JJV

ARKANSAS ATTORNEY GENERAL                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254, of Terry Birts, an inmate at the FCI - Forrest City of the Federal Bureau of Prisons. In his Petition, Mr. Birts challenges a state sentence of life imprisonment without parole that is running concurrently with his federal sentence.

### I.   BACKGROUND

In September 2011, a Pulaski County Circuit Court jury found Mr. Birts guilty of capital murder, first-degree murder, and second-degree murder. (Doc. No. 2.) During his direct appeal, the Supreme Court of Arkansas summed up the case as follows:

> [Birts] was charged by felony information with the capital murder of three persons, Tammy Lawrence, Ahki Hughes, and Barry Murphy. At trial, the jury heard evidence that Lawrence and Hughes were found on May 9, 2009, inside a black sport-utility vehicle alongside Interstate 40. Murphy was found mortally wounded later that same day near Interstate 440. According to the medical examiner, all three victims died of gunshot wounds.
>
> The jury heard testimony from Tiffany Grimes, [Birts's] wife, that [Birts] admitted to her that he had killed all three persons. According to Grimes, she was not with [Birts] when he committed the murders but saw him shortly after they had occurred, and he gave her the following explanation of events. He told her that he, Lawrence, and Hughes had been at Lawrence's residence "snorting powder and drinking," when they left in Lawrence's black sport-utility vehicle. He told Grimes that he was in the backseat and that he shot Hughes and then Lawrence. He also told Grimes that he called his cousin, Kevin O'Donald, to come pick him up, and that O'Donald brought the third victim, Murphy, with him to the scene. [Birts] told Grimes that Murphy kept

2

saying he would not tell anyone anything and that he did not see anything. [He] then drove Murphy away, shot him in the shoulder, and threw him out of the vehicle. The jury also heard testimony from O'Donald, who told them that [Birts] called him to meet him in a parking lot and that while he waited, he heard two shots fired and saw two flashes of light inside a black vehicle that had just pulled up. O'Donald stated that he saw [Birts] exit the vehicle holding a handgun. According to O'Donald, he then followed [Birts] while [Birts] drove the black vehicle to a location where [Birts] staged a collision.

The jury heard the following testimony from employees at the Arkansas State Crime Laboratory. [Birts's] DNA was found on several items obtained at Lawrence's residence, including a condom, a cigarette butt, and a tall drinking glass. [Birts's] fingerprints were also found on a vodka bottle, a ceramic plate, and a short drinking glass, all of which were also found at Lawrence's residence. As to Lawrence's vehicle, [Birts's] right-palm print appeared between the front and rear doors on the driver's side of the exterior of the vehicle, but no usable prints were found inside the vehicle. The jury was also told that none of [Birts's] DNA was found inside the vehicle.

The defense made a proffer of evidence that [Birts] was excluded as the source of semen found in a condom that was in the bathroom trash can at Lawrence's residence. The defense also proffered evidence that [Birts] was excluded as the source of DNA found on a coffee mug at Lawrence's residence. In addition, the defense made a proffer that unknown fingerprints were found on a bottle of hemp oil that was on Lawrence's night stand, and that [Birts] was excluded as the source of those prints.

The jury also saw surveillance video taken from a restaurant, which was obtained by the Arkansas State Police as part of their investigation of these murders. The investigating officer explained to the jury that the surveillance video depicted [Birts], Lawrence, Hughes, and Broderick Patrick leaving the restaurant at approximately 8:54 p.m. on May 8, 2009.

The State waived the death penalty, and [Birts] waived his right to be sentenced by the jury. The jury returned guilty verdicts for the capital murder of Murphy, first-degree murder of Lawrence, and second-degree murder of Hughes.

*Birts v. State*, 2012 Ark. 348, at 2-4.

Mr. Birts received enhanced sentences due to his use of a firearm and four prior felony convictions. On September 30, 2011, the Pulaski County Circuit Court sentenced Mr. Birts to an aggregate sentence of life imprisonment without parole. (Doc. No. 16-1.) Mr. Birts appealed, contending that the trial court erred by excluding fingerprint and trace-DNA evidence of unknown

3

persons found at the crime scene and at the residence of one of the victims. (Doc. No. 16.)

The Arkansas Supreme Court affirmed his conviction on September 27, 2012. *Birts v. State,* 2012 Ark. 348. Because Mr. Birts was sentenced to life imprisonment without parole, the Arkansas Supreme Court reviewed the entire record for reversible error pursuant to Ark. Sup. Ct. R. 4-3(i) (2012), and found no error. (*Id.* at 8.) Mr. Birts did not petition for rehearing or review, and the Supreme Court's mandate issued on October 16, 2012. (Doc. No. 16.)

On August 27, 2013, Mr. Birts filed a "Motion to Vacate or Set Aside Judgment Under Arkansas Post Conviction Relief Rule 37" (Ark. R. Crim. P. Rule 37.1 *et seq*. (2012)) in Pulaski County Circuit Court. (Doc. No. 16-2.) His Rule 37 petition alleged that his appellate counsel was ineffective for not raising certain issues on direct appeal to the Arkansas Supreme Court. (*Id.* at 3.) He also asserted that his trial attorney was ineffective for not challenging the testimony of a witness who had received a reward for information she provided and opposing a continuance sought by the State for a DNA analysis of someone who "had a direct link to the murders." (*Id.* at 9.)

On September 10, 2013, the Pulaski County Circuit Court denied Mr. Birts's Rule 37 petition based on the fact that he had not filed it within 60 days after the Arkansas Supreme Court's mandate issued, as required by Rule 37.2 (c)(ii) (2012). (Doc. No. 16-3.) Fifteen days later, on September 25, 2013, Mr. Birts wrote a letter to the Pulaski County Circuit Clerk, asking that the clerk "accept this letter as a notice of appeal of the denial of his motion pursuant to Rule 37" and the letter was filed of record on October 3, 2013. (Doc. No. 16-4.) The Respondent notes that according to the Arkansas Supreme Court's docket, no appeal has been filed or is pending from the denial of Mr. Birts's Rule 37 petition and no opinion has been issued by the Court. (Doc. No. 16.) Mr. Birts timely filed the instant habeas Petition on October 3, 2013. (Doc. No. 1.)

## II.     ANALYSIS

Respondent argues that the Petition is procedurally defaulted. (Doc. No. 16 at 3.) The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

In his Petition for Writ of Habeas Corpus, Mr. Birts asserts that he received ineffective assistance of counsel – both at his trial and on appeal. He was required to first present these claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Ark. Rules Crim. Proc., Rule 37].") Exhaustion is required because state courts should have the opportunity to review the rulings of lower state courts and correct any federal constitutional errors. *Engle v. Isaac,* 456 U.S. 107, 128-29 (1982).

Petitioner was required to properly and timely present his claims of ineffective assistance of counsel to the State's highest court to avoid a procedural bar. *Rust v. Hopkins,* 984 F. 2d, 1486, 1490 (8th Cir.), *cert. denied,* 113 S. Ct. 2950 (1993). Mr. Birts failed to do so, and further, procedural

5

rules would bar them if they were presented in state court now. His time for filing a Rule 37 petition has lapsed. *See* Ark. R. Crim. P. 37.2(c)(ii) (2012) (providing that, when a defendant appeals a judgment of conviction, a Rule 37 petition must be filed within 60 days of date the appellate court's mandate issues); *Williamson v. State,* 2012 Ark. 170, at 4 (holding that the time limitations imposed in Rule 37.2 are jurisdictional in nature, and if those requirements are not met, a trial court lacks jurisdiction to grant postconviction relief). As such, his claims are procedurally defaulted.

Even though Mr. Birts filed a Rule 37 petition in Pulaski County Circuit Court on August 27, 2013, his petition was not "properly filed" for federal habeas purposes under 28 U.S.C. § 2244(d)(2). He did not meet the time limitation imposed by Rule 37.2 for filing his state postconviction petition, and therefore, both the state circuit court and the Arkansas Supreme Court could not consider his claims. He has not properly filed an appeal in the Arkansas Supreme Court from the circuit court's denial of the petition as untimely, so the circuit court's ruling is the "end of the matter." *Nelson v. Norris,* 618 F. 3d 886, 892 (8th Cir. 2010); *see also Carey v. Saffold,* 536 U.S. 214, 226 (2002).

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review of his Petition, the Court concludes that Mr. Birts fails to show any cause and prejudice, and thus, his Petition should be dismissed as procedurally barred.

Respondent also argues that Mr. Birts is not entitled to pursue his defaulted claims under *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), or *Trevino v. Thaler,* 133 S. Ct. 1911 (2013) which both

6

reaffirmed the general rule of *Coleman v. Thompson,* 501 U.S. 722 (1991), that a federal court may not review claims a petitioner inexcusably failed to present to the state's highest court on collateral review. The Court agrees.

After careful review of the record and the briefs, the Court concludes that Mr. Birts's claims are procedurally defaulted. Accordingly, his Petition for Writ of Habeas Corpus should be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2. A certificate of appealability should not be issued.

3. All pending motions be DENIED as moot.

DATED this 28th day of January, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE