IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY DEAN BIRTS
REG. #25710-009                                                                                          PETITIONER

v.                                    Case No. 2:13-cv-00129 KGB

ARKANSAS ATTORNEY GENERAL                                                          RESPONDENT

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 17) and plaintiff Terry Dean Birts's objection (Dkt. No. 19). After carefully considering the objection and making a *de novo* review of the entire record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Birts's purported claim of actual innocence and requests for an abeyance and evidentiary hearing, as well as the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

First, in his objection, Mr. Birts argues that the Proposed Findings and Recommended Disposition did not consider his actual innocence claim. In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" through the impediment of a procedural bar. 133 S. Ct. 1924, 1928 (2013). However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare" and reiterated that petitioners attempting to show actual innocence are required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to

find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *House v. Bell*, 547 U.S. 518, 538 (2006)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Once that showing is made, the federal habeas court must consider "all the evidence, old and new, incriminating and exculpatory," and make "a probabilistic determination about what reasonable, properly instructed juror would do." *House*, 547 U.S. at 537-38 (citation omitted) (internal quotation marks omitted).

Here, Mr. Birts presents no new evidence to this Court. Instead, he argues that, in his underlying criminal trial, the state court should have granted the State's motion for continuance to test the fingerprints and DNA of two other suspects. Mr. Birts contends that evidence coming from such tests would prove his innocence because it would link the other suspects to the crime. But Mr. Birts's counsel in the state court proceeding argued against such a continuance—presumably so that the other two would not be ruled out as suspects—and the state court denied it, so there are no new testing results for this Court to review. Without any new evidence, this Court cannot determine that no reasonable juror would have convicted him in the light of new evidence. *See Fitzgerald v. Hobbs*, No. 5:11-cv-00262 JLH/JTR, 2013 WL 3270528, at *1 (E.D. Ark. June 26, 2013). Accordingly, Mr. Birts has not met the requirements for the actual-innocence exception to procedural default. Mr. Birt's claim is more akin to one of ineffective assistance of counsel. For the reasons in the Proposed Findings and Recommended Disposition, however, Mr. Birts's ineffective assistance of counsel claim also is barred by procedural default.

Second, Mr. Birts requests an abeyance to conclude the appeal process in the state courts and lift the procedural bar. As the Proposed Findings and Recommended Disposition makes clear, the record indicates that Mr. Birts did not properly file an appeal in the Arkansas Supreme

Court from the circuit court's denial of his Rule 37 petition as untimely, and the time for doing so has passed. *See* Ark. R. App. P.-Crim. 4(b) (providing that a defendant must file the record on appeal with the clerk of the appellate court within 90 days from the filing of the notice of appeal unless an extension of time is granted). Accordingly, as the last state court decision on the issue, the circuit court's ruling appears to be the "end of the matter." *See Carey v. Saffold*, 536 U.S. 214, 226 (2002); *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010). Granting an abeyance now would be pointless, as absent an extension the Arkansas Supreme Court cannot consider Mr. Birts's request to lift his procedural default, and there is no evidence that the state courts have granted an extension. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) ("When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . . However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust . . . prevents federal habeas corpus review of the defaulted claim" unless an exception applies. (citations omitted)); *Boss v. Ludwick*, 863 F. Supp. 2d 845, 860-61 (N.D. Iowa 2012) (holding that, because petitioner's attempts to exhaust his unexhausted claim are futile as a matter of law, the claim is procedurally defaulted, rendering the "stay and abeyance" issue moot).

Even if Mr. Birts could appeal his Rule 37 petition to the Arkansas Supreme Court and lift his procedural default, this Court would not hold his habeas petition in abeyance. To begin, it appears that the "stay and abeyance" procedure only applies to "mixed petitions," that is, petitions containing both exhausted and unexhausted claims, and in limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 277-79 (2005) (approving the use of the "stay and abeyance"

procedure for "mixed petitions"); *Danforth v. Crist*, 624 F.3d 915, 917-18 (8th Cir. 2010) (holding exhausted petition in abeyance until Supreme Court decided whether *Crawford v. Washington*, 541 U.S. 36 (2004), applies retroactively); *Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 144 F.3d 618, 620-21 (9th Cir. 1998) (approving the district court first allowing petitioner to amend his mixed petition to delete unexhausted claims and then staying and holding in abeyance the amended, fully exhausted petition, but reserving judgment as premature on whether the previously unexhausted claims could be reasserted into his abeyant petition once exhausted).  Even if the procedure applied to petitions that contained only unexhausted claims, as is the case with Mr. Birts's petition, the factors pertinent to the determination of whether this is one of the limited circumstances in which to stay a petition are not in Mr. Birts's favor.  *Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010) (stating that the three factors that guide a district court's decision on whether to grant or deny a stay and abeyance are whether "(1) [the petitioner] had good cause for his failure to exhaust, (2) his unexhausted claims were potentially meritorious, and (3) he had not engaged in intentionally dilatory litigation tactics").  For these reasons, the Court denies Mr. Birts's request for an abeyance.

Third, this Court denies Mr. Birts's request for an evidentiary hearing.

Fourth, the Court notes that the Supreme Court's decision in *Trevino* may mean that *Martinez*'s exception, which allows a federal habeas court to find cause to excuse a procedural default if particular circumstances are shown, applies to Arkansas petitioners.  *See Sasser v. Hobbs*, 735 F.3d 833, 852-53 (8th Cir. 2013).  However, one of the particular circumstances required for the *Martinez* exception to apply is that the ineffective assistance of counsel claim be "substantial," which is to say that the prisoner must demonstrate that the claim has some merit.  *Martinez*, 132 S. Ct. at 1318; *Trevino*, 133 S. Ct. at 1918.  As the Proposed Findings and

Recommended Disposition explains, Mr. Birts fails to show any cause and prejudice. This analysis and the conclusion reached apply equally to defeat the *Martinez* exception because Mr. Birts's ineffective assistance of counsel claim is not "substantial."

It is therefore ordered that Mr. Birts's petition for writ of habeas corpus (Dkt. No. 1) is dismissed. The requested relief is denied, any pending motions are denied as moot, and a certificate of appealability is not issued.

SO ORDERED this the 13th day of June, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE