IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TERRY DEAN BIRTS**
**REG. #25710-009**                                                                                       **PETITIONER**

v.                              Case No. 2:13-cv-00129 KGB

**ARKANSAS ATTORNEY GENERAL**                                                           **RESPONDENT**

**ORDER**

Before the Court is petitioner Terry Dean Birts's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 22). Respondent Dustin McDaniel, Attorney General of Arkansas, responded (Dkt. No. 23). The Court sees no reason to reconsider its prior Order and Judgment (Dkt. Nos. 20, 21) and denies Mr. Birt's motion for reconsideration.

Federal Rule of Civil Procedure 59(e) motions "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* To prevail on a Rule 59(e) motion that is based on new evidence, the movant must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, *and* (5) that the evidence would probably have produced a different result." *Williams v. Hobbs*, 658 F.3d 842, 854 (8th Cir. 2011) (citation omitted).

Mr. Birts argues that the Court should reconsider its Order regarding his actual-innocence claim, his request for abeyance, his request for a hearing, and the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Regarding his actual-innocence claim, Mr. Birts attaches two affidavits, one from Kim Reed and the other from Broderick Patrick, that Mr. Birts claims to have received after the Court's prior Order. Ms. Reed avers that Alunda Smith, the sister of Kevin O'Donald, told Mr. Patrick to "correlate his story" with Mr. O'Donald in order to clear Mr. O'Donald for the murders and "point the finger" at Mr. Birts for a $10,000 reward. Mr. Patrick avers that Ms. Smith gave him false information that Special Agent David Moss of the Arkansas State Police wanted introduced and that would be used to convict Mr. Birts.

Respondent contends that the affidavits submitted by Mr. Birts are not newly-discovered evidence but merely new evidence presented to bolster a previously-made, and rejected, claim. If respondent's characterization of the affidavits is correct, the affidavits may not be properly considered by the Court under Rule 59(e). However, even if the Court assumes that the affidavits are newly-discovered evidence, they would not have produced a result different than that reached by the Court in its prior Order regarding Mr. Birts's actual-innocence claim. As the Court stated in its prior Order, the Supreme Court held in *McQuiggin v. Perkins* that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" through the impediment of a procedural bar. 133 S. Ct. 1924, 1928 (2013). However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare" and reiterated that petitioners attempting to show actual innocence are required to produce new, reliable evidence not presented at trial and sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*; *see Schlup v. Delo*, 513 U.S. 298, 329

2

(1995); *House v. Bell*, 547 U.S. 518, 538 (2006)). In other words, "[i]n order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). A petitioner cannot show actual innocence where the evidence otherwise is sufficient to support his conviction. *Id.* at 750.

Having carefully reconsidered the entire record and all evidence before it, the Court is not persuaded that, had the affidavits been submitted at trial, no reasonable juror would have voted to find Mr. Birts guilty beyond a reasonable doubt. Given the timing, content, and circumstances surrounding the affidavits, they are not reliable. Even if they were reliable, the affidavits do not establish factual innocence because the evidence still would have been sufficient to support Mr. Birts's conviction. *Id.* at 749. Accordingly, the Court denies Mr. Birts's request to reconsider its denial of his actual-innocence claim.

The Court also denies Mr. Birts's request to reconsider its denials of an abeyance and a hearing and its Order regarding *Martinez* and *Trevino*. Mr. Birts states that after entry of the Court's Order he submitted a "separate corrected brief" to the Arkansas Supreme Court. He alleges that this constitutes newly discovered evidence supporting his request for an abeyance. However, Mr. Birts did not state whether the Arkansas Supreme Court granted him an extension to consider his untimely appeal. Regardless, as the Court explained in its prior Order, this Court would not hold his habeas petition in abeyance even if the Arkansas Supreme Court had granted him an extension to consider his appeal because Mr. Birts's petition is not a "mixed petition" and the factors pertinent to determining whether to stay a petition are not in Mr. Birts's favor. Lastly, Mr. Birts does not provide newly discovered evidence regarding this determination that would allow the Court to reconsider its prior decision under Rule 59(e). Even so, as previously held,

Mr. Birts's ineffective assistance of counsel claim is not "substantial," meaning that the exception in *Martinez* and *Trevino* does not apply.

SO ORDERED this the 8th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE